THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SCOTT YOUNG, Defendant-Appellant.

Fifth District    No. 80-143

Opinion filed May 26, 1981.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, and Pamela Peters, research director, for appellant.

William G. Schwartz, State's Attorney, of Murphysboro (Martin N. Ashley and Christopher S. Carroll, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The defendant was convicted of Class 4 felony theft in a bench trial in the Circuit Court of Jackson County. He was sentenced to six months' imprisonment in the Jackson County jail, with credit for five months he had spent in jail while awaiting trial, and was required to pay a $500 fine. In this appeal, the defendant (1) challenges the sufficiency of the evidence used to convict him, and (2) requests that he be given $5 credit against his fine for each day spent in the Jackson County jail before conviction and sentencing.

The defendant, Scott Young, lived with his brother James in a rented trailer in Carbondale. On October 12, 1979, Frank Stonemark, owner of the trailer court, was told by his cleaning woman, Mrs. Butler, that the

Young brothers intended to vacate the trailer because they could not afford the rent. Stonemark, accompanied by Mrs. Butler and three of her children, went to the trailer to determine what repair and cleaning would be needed before it could be rented again. During that inspection, one of the children found a sawed-off shotgun in the bathroom. The following day, Stonemark turned the gun in to the police. It was identified, by serial number comparison, as having been stolen from the Ace Hardware Store in Murphysboro on September 10, 1979.

■■ The evidence, the defendant argues, is insufficient to prove beyond a reasonable doubt that he exercised control over the gun. He claims that the fact that he was not in the trailer or otherwise connected with the gun when it was found, together with the fact that only one of the Young brothers originally rented the trailer and signed the lease, destroys the People's case against him. We disagree.

Frank Stonemark testified that he furnished the trailer with an extra bed to accommodate the two brothers, and that he had had conversations with both Scott and James about rent. This, together with the statements of Stonemark, Mrs. Butler and witness Karen Shands that both Youngs had lived in the trailer for several months, suggests that the defendant was indeed a co-tenant of the trailer.

But, the defendant responds, even if he were a co-tenant when the shotgun was uncovered, this fact alone does not connect him with it. However, this argument ignores the testimony of Karen Shands, who noticed the gun while she was in the trailer visiting the Youngs, and who testified that she saw "Scotty with a sawed-off shotgun" and that "Scotty showed it to her." Furthermore, even without the observations of Karen Shands, the evidence was sufficient to establish the defendant's possession of the gun.

For example, in *People v. Songer* (1977), 48 Ill. App. 3d 743, 362 N.E.2d 1127, two defendants were convicted of felony theft on the basis of stolen goods found in the apartment in which they were co-tenants. One of the defendants, Yelliott, made the same challenge to the sufficiency of the evidence as does the defendant here. The court held that the testimony from the landlord, from the previous tenant of the apartment, and from a utility service man was enough to connect Yelliott with the apartment and therefore with the stolen property. This case is practically indistinguishable from *Songer*, so that we must hold the evidence introduced in this case sufficient to establish this defendant's possession of the stolen shotgun. See also *People v. Mertens* (1979), 77 Ill. App. 3d 791, 795, 396 N.E.2d 595.

■■ Finally, the defendant requests this court to credit against his $500 fine $5 for every day he served in the Jackson County jail prior to his conviction and sentencing, which is a total of 143 days. The People reply

in their brief that as the defendant has also been credited with this time against his six months' prison sentence, to allow credit against the fine would be an inequitable double recovery.

The relevant statute states that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted. However, in no case shall the amount so allowed or credited exceed the amount of the fine." Ill. Rev. Stat. 1979, ch. 38, par. 110—14.

The defendant concedes that he did not apply for the credit against his fine. However, he is not precluded from requesting the credit here, because nothing in the record indicates that the clerk of the court ever notified him of this provision in writing. *People v. Winkler* (1979), 77 Ill. App. 3d 35, 37, 395 N.E.2d 671; *People v. Tate* (1980), 87 Ill. App. 3d 21, 28, 408 N.E.2d 1158.

The precise issue of credit against both a fine and a term of imprisonment for jail time served before conviction has not been addressed by the courts of this State. Several cases which have interpreted section 110—14 of the criminal code have involved defendants who were sentenced to pay a fine but no imprisonment and these are not pertinent here. (*Winkler*; *People v. Taylor* (1980), 84 Ill. App. 3d 467, 405 N.E.2d 517.) In others, the opinion does not specify whether the defendant received a sentence of imprisonment (*Tate*), and in other cases in which the defendant was sentenced both to imprisonment and to pay a fine, it is unclear whether credit was ever given against the term of imprisonment. (*People v. Brown* (1980), 83 Ill. App. 3d 261, 403 N.E.2d 1324; *People v. Pine* (1980), 84 Ill. App. 3d 301, 405 N.E.2d 484.) Nonetheless, in all the cases listed above, the defendant was given $5 credit against his fine for every day spent in jail before conviction.

We believe that the defendant should be allowed that credit against the fine entered in this case as well. Section 110—14 of the Code of Criminal Procedure of 1963 applies to "any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense." It does not say against whom only a fine is levied," nor does it exclude from its provisions defendants who have received credit against imprisonment under section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7). Furthermore, cases like *Brown*, *Pine*, and perhaps *Tate*, in which the defendants were granted credit against a fine even though they had also been sentenced to imprisonment, suggest that section 110—14 should not be construed to apply to defendants who are only fined.

There is nothing in the language of the statute or in the relevant case

law to justify creating an exception for defendants who have received credit in the form of reduced sentences of imprisonment. We therefore grant this defendant a credit of $5 against the $500 fine for every day served prior to conviction and sentencing.

For the reasons stated, the judgment of the circuit court of Jackson County is affirmed as modified.

Affirmed as modified.

KARNS and JONES, JJ., concur.