THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SAMMIE E. SMITH, Defendant-Appellant.

Fifth District   No. 82—518

Opinion filed April 1, 1985.

Randy E. Blue and Richard J. Bennett, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gloria E. Thurston, State's Attorney, of Mound City (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Following a bench trial in the circuit court of Pulaski County, defendant Sammie Smith was convicted of one count of criminal damage to property over $150, and one count of driving under the influence of intoxicating liquor. Following a second bench trial in the same court, defendant was convicted of an additional count of driving under the influence of intoxicating liquor. Defendant was sentenced to two years' imprisonment for the conviction of criminal damage to property, and fined $500 for each conviction of driving under the influence of intoxicating liquor. The issues on appeal are (1) whether the evidence at trial established beyond a reasonable doubt that defendant was guilty of criminal damage to property, (2) whether the trial court abused its discretion in sentencing defendant to two years' imprisonment, and (3) whether the trial court abused its discretion in imposing the two $500 fines.

Following our initial disposition of this case by way of a Supreme Court Rule 23 (87 Ill. 2d R. 23) order, but prior to the issuance of our mandate, the State's Attorneys Appellate Service Commission (S.A.A.S.C.) moved, on behalf of the State of Illinois, for a $25 *per diem* fee pursuant to section 8 of "An Act concerning fees and salaries, and to classify the several counties of this state with reference thereto" (Ill. Rev. Stat. 1983, ch. 53, par. 8) (hereinafter referred to as section 8). Although our initial disposition of this case was by way of an unpublished order, we deem it appropriate that our original order be withdrawn and this opinion published in light of our subsequent decision regarding the State's motion for a *per diem* fee.

Turning to the merits of defendant's appeal, on the evening of October 16, 1982, Elizabeth Lieb received a phone call from her daughter-in-law, Erma Lieb, who lived across the street. Erma Lieb informed her mother-in-law of an automobile passing slowly up and down the street. Henry Lieb (husband of Elizabeth and father-in-law of Erma), who had been watching television at Erma's house, went

outside to investigate, and observed an automobile proceed into his own driveway. He approached the driver (identified at trial as defendant) and inquired regarding defendant's intentions. Defendant was, according to Mr. Lieb, incoherent. Elizabeth Lieb called her daughter-in-law, instructing her to call the sheriff. Erma Lieb called the sheriff and Eugene Droge, a State conservation officer living in proximity to the Liebs. A struggle eventually ensued between defendant and the Liebs. The Liebs testified that defendant remained incoherent throughout the ordeal. Neither smelled alcohol on defendant's breath.

Defendant subsequently reentered his vehicle and ran the automobile head-on into the Liebs' home. On his way out the driveway, defendant ran into the van driven by conservation officer Droge. Mr. Droge restrained and searched defendant, and awaited the arrival of Deputy Sheriff Craig Jones, who then took defendant into custody.

Mr. Droge testified that defendant had staggered and repeatedly approached the officer with his arms raised, uttering "a ferocious sound." Several times defendant fell. Mr. Droge did not smell alcohol on defendant's breath. Deputy Jones testified that he did smell alcohol on defendant's breath, that defendant's speech was slurred, that defendant urinated on himself, and that defendant vomited a substance which smelled like beer. While in custody, defendant struck at Deputy Jones and another officer. An open bottle of beer, fresh with condensation, was found in the front seat of defendant's automobile.

A presentence investigation report revealed that defendant was 33 years old, single, and lived with his parents. Defendant was unemployed, possessing an intelligence quotient of approximately 63. Though defendant's health was generally good, he suffered from an unspecified leg ailment. Defendant's only apparent source of income consisted of social security disability benefits. Defendant had no prior criminal record.

■ Defendant first contends that the State failed to prove beyond a reasonable doubt that defendant was guilty of criminal damage to property, since the evidence did not establish that defendant had acted "knowingly" within the meaning of the statute. (Ill. Rev. Stat. 1981, ch. 38, par. 21—1(a).) The Criminal Code of 1961 defines the element of "knowledge" as follows:

"A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

(b) The result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct." Ill. Rev. Stat. 1981, ch. 38, par. 4—5.

Defendant points to the manifold indicia of his intoxication, and argues that the evidence before the trial court was so extreme as to negate the existence of the mental state required by the statute. Our review of the record does not support this contention. Intoxication may exist in varying degrees, and a finding that a defendant acted under the influence of alcohol does not preclude a finding that the same defendant acted also with knowledge of the nature and consequences of his or her actions. (*People v. Robie* (1981), 92 Ill. App. 3d 1059, 1063, 416 N.E.2d 754.) While the testimony regarding defendant's behavior was adequate to support the proposition that defendant was intoxicated at the time of the crime, the testimony was also adequate to support the proposition that defendant possessed a sense of self-awareness and volition from which the requisite element of knowledge reasonably could be inferred.

■ Defendant next alleges that the trial court abused its discretion in imposing a prison sentence of two years. In passing sentence, the court noted the serious nature of defendant's crime, and stated that imprisonment was, in the court's judgment, necessary to protect the public. The trial court is ordinarily in a superior position to consider the factors appropriate to a just punishment, and the trial judge's decision in regard to sentencing is entitled to great deference on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) We cannot conclude, on the basis of the record before us, that the trial court erred in determining that a term of imprisonment was necessary for the protection of society.

■ Defendant further contends that the trial court abused its discretion in imposing a $500 fine for each of defendant's convictions for driving under the influence of intoxicating liquor. Defendant argues that the record before the trial court failed to establish that defendant possessed sufficient financial resources and future earning ability to pay the fines.

A trial judge need not articulate a specific finding that a defendant possesses the ability to pay a fine that the judge imposes so long as the record contains facts sufficient to allow such a finding. (*People v. Bishop* (1980), 81 Ill. App. 3d 521, 524, 401 N.E.2d 648.) In an affidavit of assets and liabilities filed with the court on September 2, 1982 (the day the sentence was imposed), defendant stated that he owned unencumbered real property worth $1,400, a life insurance pol-

icy with a surrender value of $8,000, and a monthly income of $284.30. Defendant's only major liability was a debt of $5,000 on an automobile. This statement would have provided sufficient evidence of defendant's ability to pay the fines, except for the fact that the affidavit, submitted pursuant to a request for court-appointed appellate counsel, was filed after the sentence was imposed. Nevertheless, we need only consider the transcript of the sentencing proceedings to conclude that, even without the affidavit, the trial court reasonably could have inferred that defendant possessed the future ability to pay the fines. Prior to sentencing, defendant stated that he would be willing and able to make restitution to the Liebs in the amount of $1,150 ($150 more than the amount of the fines), payable in monthly installments of $50 to $100. It was thus reasonable for the trial judge to infer that defendant possessed either the resources to pay the fine or the ability to do so in the future.

■ Defendant's final allegation of error is that he should have been given a credit on the fines of $5 per day for two days defendant served in jail after his arrest on October 16, 1981, for driving while intoxicated. Section 110—14 of the Code of Criminal Procedure of 1963 states that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." (Ill. Rev. Stat. 1981, ch. 38, par. 110—14.) A defendant's failure to apply for the credit in the trial court does not preclude such an application on appeal where, as in the instant case, the record fails to indicate that the clerk of the court notified the defendant in writing of this statutory provision. (*People v. Young* (1981), 96 Ill. App. 3d 634, 421 N.E.2d 968.) A total credit of $10 against the sum of defendant's two outstanding fines is hereby granted. With this modification, the judgment of the circuit court is affirmed.

■ We now turn to the State's motion for a *per diem* fee pursuant to section 8 and defendant's objection thereto. The pertinent portions of section 8 are as follows:

"State's attorneys shall be entitled to the following fees ***:

For each day actually employed in the trial of a case, $25 ***."

Since the State requests the fee on the basis of one day of oral argument in the appellate court which resulted in partial success for the defendant, the issues before us are whether, in light of the statute's reference to "trial," the State, in its capacity as appellate prosecutor, is entitled to a $25 *per diem* fee to be taxed as costs against

defendant as reimbursement for one day of oral argument in the appellate court, and if so, whether the State's receipt of the fee is dependent upon the State's successful defense of all issues raised on appeal.

We will deal first with whether the State's entitlement to this *per diem* fee under section 8 is limited to argument in the trial court. Defendant argues that pursuant to *People v. Evans* (1984), 124 Ill. App. 3d 634, 464 N.E.2d 1083, a *per diem* fee may be assessed against a defendant only for the actual trial of a case in the circuit court, and, therefore, a *per diem* fee was not properly chargeable for oral argument in our court. However, this argument has recently been refuted by the Illinois Supreme Court in *People v. Agnew* (1984), 105 Ill. 2d 275, in which the court followed *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194. The *Nicholls* court held that the *per diem* allowance was not limited to circuit court proceedings and could reasonably be construed to apply to oral argument in the appellate court. The fee was not awarded in *Nicholls* only because the court could not determine the proper amount of the fee. We are not faced with that problem here. Although the *Evans* case cited *Nicholls*, no mention was made in *Evans* of the fact that the *Nicholls* court found the *per diem* fee to be applicable to oral argument in the appellate court.

The fifth division of the First District Appellate Court also recently considered the issue in *People v. Surles* (1984), 126 Ill. App. 3d 216, 466 N.E.2d 1295, and, applying a broader interpretation of the word "trial" in section 8, expressly followed *Nicholls* and granted the State's request for a *per diem* fee. Although the *Evans* case was not specifically mentioned by the *Surles* court, the reasoning of the *Evans* court was implicitly rejected in the *Surles* court's discussion of the issue. In that discussion, the court explained that the original *Surles* opinion had been authorized by a justice since deceased, and that the original opinion's denial of a *per diem* fee had been predicated upon the court's incorrect interpretation that the *per diem* provisions applied only to the actual trial in the circuit court. (126 Ill. App. 3d 216, 229, 466 N.E.2d 1295, 1304.) The court held that it had "incorrectly construed the term 'trial' " (126 Ill. App. 3d 216, 229, 466 N.E.2d 1295, 1304) in section 8 of its original opinion; therefore, the court adopted the analysis of *Nicholls* in granting the State's request for a *per diem* fee.

We agree with the analysis adopted by the courts in *Agnew* and *Surles* in their determination that the *Nicholls* interpretation should control and, therefore, conclude that a *per diem* fee may properly be awarded to the State for oral argument in the appellate court.

■ We now turn to the question of whether the State's receipt of a *per diem* fee is dependent upon the State's successful defense of all issues raised on appeal. On appeal, the defendant here challenged both the conviction and the sentence and, as already noted, his conviction and sentence have been affirmed with the exception that defendant has been given a $10 credit against his fine for two days that he spent in jail prior to trial.

Citing *People v. Merrero* (1984), 121 Ill. App. 3d 716, 459 N.E.2d 1158, defendant argues that because he prevailed at least partially on the sentencing issue on appeal, he should not be assessed a *per diem* fee. In *Merrero*, defendant was convicted of four counts of murder and one count of armed violence. He was sentenced to concurrent terms of imprisonment of 40 years on each count and was not sentenced on the armed violence conviction. Two of the issues raised on appeal dealt with the murder convictions, while the remaining issue dealt with whether the mittimus should be corrected to delete the armed violence conviction. The appellate court affirmed the murder convictions, but agreed with defendant that the armed violence conviction should be vacated as a lesser included offense of murder. The cause was remanded with directions that the trial court issue a corrected mittimus deleting reference to the armed violence conviction. In denying the State's motion for a *per diem* fee, the *Merrero* court followed *People v. Smith* (1983), 113 Ill. App. 3d 917, 446 N.E.2d 876, in holding that "where a defendant has prevailed solely on his request for remandment with directions for the issuance of a corrected mittimus, he has prevailed on one of the issues raised on appeal." *People v. Merrero* (1984), 121 Ill. App. 3d 716, 723-24, 459 N.E.2d 1158, 1164.

The *Smith* case cited by the *Merrero* court was also remanded with directions that a corrected mittimus issue. Without citing any authority in support of the proposition, the *Smith* court held that because the defendant prevailed on one of the issues on appeal, the State was not entitled to a *per diem* fee. However, the contrary argument may be found in the *Nicholls* case, referred to earlier. Taking the opposite approach to that taken in *Merrero* and *Smith*, the *Nicholls* court held that the State may recover costs so long as it successfully defends at least one of several counts of a conviction.

The question, therefore, is how much of the criminal judgment must the State successfully defend before it is entitled to a *per diem* fee for its efforts. According to *Nicholls*, the State's successful defense of any portion of the conviction is sufficient to entitle the State to costs, while under *Merrero* and *Smith*, the State must successfully

defend every issue raised on appeal in order to receive a *per diem* fee or costs. Following the reasoning of *Merrero* and *Smith*, the State would be required to successfully defend each and every challenge made to the criminal judgment on appeal in order to be entitled to a *per diem* fee, while under *Nicholls*, the State need only successfully defend a portion of the conviction on appeal in order to receive the fee.

We believe that we are bound by the rule set forth by the supreme court in *Nicholls*. The rule may be simply stated as follows: The successful defense of any part of a criminal judgment challenged on appeal entitles the State to a *per diem* fee and costs for its efforts. In order to determine the amount of the fee, the appellate court must make a finding specifying the number of days for which a *per diem* fee is due. (See *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.) In arriving at that amount, we note that the State's verified motion requests a *per diem* fee for one day of argument. We, therefore, find that a fee of $25 should be awarded to the State, said amount to be taxed as costs against defendant.

Affirmed as modified; motion granted.

JONES, P.J., and KARNS, J., concur.