THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHARON LOVE, Defendant-Appellant.

Second District   No. 85—0005

Opinion filed January 30, 1986.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Gary R. Peterson, of State Appellate Defender's Office, of Springfield, for appellant.

Daniel Doyle, State's Attorney, of Rockford (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

Defendant was convicted in a bench trial of the offense of aggravated battery and was sentenced to a period of 30 months' probation, conditioned upon 180 days' periodic imprisonment, a $25 fine and restitution. Her appeal questions the condition of periodic imprisonment and asks for a reduction of her fine because of jail time served prior to her conviction.

The condition of probation imposed by the sentencing court was an automatic conversion of her periodic imprisonment to straight jail time in the event that defendant lost her job.

The position of the State is that the sentence of probation as ordered should be upheld upon the alternative bases of waiver and mootness. We affirm on both grounds.

■■ Neither at the time probation was imposed, nor at the probation revocation hearing, nor in any subsequent action before appeal did defendant object to the condition imposed. The issue has therefore been waived. (*People v. Andino* (1981), 99 Ill. App. 3d 952.) Additionally, a reading of the record reveals that when the condition was imposed below the defendant acquiesced, and she cannot now be heard to raise the issue to this court for the first time. *People v. Lyones* (1979), 72 Ill. App. 3d 780.

■■ As to the claim of mootness, this argument is based upon the claimed fraud of the defendant in that she represented to the court that she had secured employment. It was disclosed, however, at the revocation hearing, that defendant was untruthful in representing to the trial court that she was employed, and because there is no question now about the propriety of the condition imposed, the issue has become moot and will not be considered by this court on appeal.

*Dobbs v. Chase* (1981), 94 Ill. App. 3d 177.

■ The second issue raised on appeal relates to defendant's claim that she is entitled to have her $25 fine credited with $5 per day for the seven days she served in the county jail before her conviction. The record discloses that the defendant's jail sentence was credited with seven days for the time served, by order dated December 14, 1984. In effect, therefore, defendant is requesting double credit for the seven days served. We do not so read the statutory law (Ill. Rev. Stat. 1983, ch. 38, par. 110—14), for we cannot conclude that the legislature intended to accord this favored consideration only to the class of nonbailed offenders. Thus, our holding is not in agreement with *People v. Young* (1981), 96 Ill. App. 3d 634, *People v. Stevens* (1984), 125 Ill. App. 3d 516, and *People v. Smith* (1985), 133 Ill. App. 3d 613.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

UNVERZAGT and STROUSE, JJ., concur.