THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES HOLZHAUER, Defendant-Appellant.

Fourth District   No. 4—85—0745

Opinion filed June 12, 1986.—Rehearing denied July 11, 1986.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Monroe D. McWard, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On November 3, 1980, defendant, James Holzhauer, entered a plea of guilty to the offense of aggravated battery in the circuit court of Livingston County. He was subsequently sentenced to 30 months'

probation and ordered to pay a fine of $535, court costs, and restitution to the victim of $1,692.50. He was also ordered to serve a term of 109 days' imprisonment with credit for 109 days already served. On May 2, 1983, and May 13, 1985, petitions were filed to revoke defendant's probation for failure to pay restitution. In both cases, probation was revoked, and defendant was resentenced to probation and ordered to pay restitution.

Finally, on September 30, 1985, a petition to revoke probation was filed alleging that defendant had violated the conditions of his probation by failing to return from work release on time and by refusing to submit to a breathalyzer or urine analysis upon request of court services. Following a hearing on the petition, the trial court found that defendant violated the conditions of his probation when he refused to submit to the breathalyzer but did not violate probation by returning late from his work release. Defendant was subsequently sentenced to 3 years and 218 days' imprisonment with credit for 126 days served in the county jail.

On appeal, defendant contends (1) the trial court abused its discretion in sentencing him to a term of imprisonment for failure to pay restitution in full; and (2) he is entitled to a $5 per day credit against his fine for each of the 126 days he spent in the county jail awaiting trial. We disagree.

Section 5—6—4(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(e)) provides that where the court has found the offender to have violated a condition of probation at any time prior to the expiration of the probation period, it may impose any other sentence that was available at the time of the initial sentencing. Aggravated battery is a Class 3 felony, and defendant could have been sentenced initially to a term of two to five years' imprisonment. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(6).

■ The termination of probation is within the discretion of the trial court, and absent a showing that the decision to terminate was against the manifest weight of the evidence, that determination should not be overturned. (*People v. Salamon* (1984), 126 Ill. App. 3d 1066, 468 N.E.2d 168.) The State need only show, by a preponderance of the evidence, that a condition of probation has been violated. (*People v. Drake* (1985), 131 Ill. App. 3d 466, 475 N.E.2d 1018.) By the terms of the conditions of defendant's probation, he was required to submit to a breathalyzer test upon request of a proper official. The evidence was undisputed that defendant had refused to do so here.

■ At sentencing, the trial court placed substantial emphasis on defendant's failure to pay restitution and noted that his wife had, to a

great extent, been responsible for what little restitution had been paid. Defendant contends, therefore, the court was sentencing him for his failure to pay restitution.

The sentence imposed following revocation of probation must be one that would have been appropriate for the original offense. However, numerous violations of probation may be considered as bearing on defendant's rehabilitative potential. (*People v. Brogan* (1979), 76 Ill. App. 3d 957, 395 N.E.2d 408.) The reference of the trial court to defendant's shortcomings in making restitution was a permissible consideration. At the times of the previous revocation proceedings, the trial court made determinations that defendant had violated the terms of his probation as a result of his failure to pay restitution. Those were final orders, and defendant did not appeal. Thus, he cannot now claim that he did not violate the terms of probation in the manner there found. This evidence, together with defendant's prior record, fully justified the sentence imposed by the trial court.

■ Defendant next contends he is entitled to a credit of $5 per day to be applied against his fine for the 126 days he spent in the county jail awaiting trial in addition to the credit of 126 days against his sentence of 3 years and 218 days' imprisonment. The State maintains such a determination would give defendant "double credit" and should not be allowed.

Section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14) provides for a credit of $5 for each day incarcerated on a bailable offense by one who does not supply bail and against whom a fine has been levied on conviction for such offense.

The districts of the appellate court are split in their interpretations of this statute. The Fifth District noted that section 110—14 does not say " 'against whom *only* a fine is levied' " (emphasis added), nor does it exclude from its provisions defendants who have received credit against imprisonment under section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7). (*People v. Young* (1981), 96 Ill. App. 3d 634, 636, 421 N.E.2d 968, 970-71.) The court concluded that there was nothing in the language of the statute or in the relevant case law to justify creating an exception for defendants who have received a credit in the form of reduced sentences of imprisonment. *Young* was followed in *People v. Stevens* (1984), 125 Ill. App. 3d 516, 466 N.E.2d 296, and *People v. Smith* (1985), 133 Ill. App. 3d 613, 479 N.E.2d 328.

The Second District has held, however, that a defendant is not entitled to a credit of $5 per day against a fine imposed as well as credit

in the form of a reduced sentence of imprisonment. (*People v. Love* (1986), 140 Ill. App. 3d 651, 489 N.E.2d 393, *appeal denied* (1986), 111 Ill. 2d 593.) There, the court indicated that the legislature could not have intended a "double credit" against both the fine and the imprisonment, because to do so would favor the class of nonbailed offenders over those who were able to post bail.

We agree with the Second District's reasoning. To allow the double credit would penalize a defendant who had been able to post bail. That defendant would be required, upon conviction, to complete his full sentence of imprisonment *and* pay his entire fine, while a defendant who was unable to post bail would be given credit against any sentence of imprisonment imposed as well as credit against his fine. We agree that the legislature could not have intended such disparate treatment.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

McCULLOUGH, P.J., and MORTHLAND, J., concur.