THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FRED HARE, Defendant-Appellant.

Third District  No. 3—85—0476

Opinion filed June 19, 1986.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Gerald P. Ursini, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Fred Hare, appeals from his sentence entered upon his conviction of armed robbery. He urges that he is entitled to full credit against his fine for time spent in custody prior to his posting of bond.

The defendant was incarcerated 23 days prior to posting bond on his armed-robbery charges. Following his conviction, the defendant was sentenced to six years' imprisonment and a $20 fine under the Violent Crime Victims Assistance Act (Ill. Rev. Stat. 1985, ch. 70, par. 501 *et seq.*), which was to be deducted from his bail deposit. He received credit against his six-year sentence for his 23 days of incarceration in lieu of bond.

On appeal, the defendant's sole argument is that he should not be subject to a $20 deduction from his bond. According to the defendant, he fully satisfied his $20 fine through the $5-per-day credit due him under section 110—14 of the Code of Criminal Proce-

dure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 110—14). The State argues that, since the defendant received credit against his sentence of imprisonment, a further grant of credit against his fine would improperly give the defendant double credit for his incarceration prior to release on bond.

Section 110—14, in relevant part, provides: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such an offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant."

The specific question before us, whether a defendant may receive a $5 daily credit in addition to jail-time credit for time served in lieu of bond, has been resolved favoring defendants in the Fifth District (*People v. James* (1985), 133 Ill. App. 3d 623, 479 N.E.2d 344; *People v. Young* (1981), 96 Ill. App. 3d 634, 421 N.E.2d 957) and against defendants in the Second District (*People v. Love* (1986), 140 Ill. App. 3d 651). The Third District has not previously directly addressed the double credit question. However, in cases where the defendant was sentenced to both a fine and jail time, we have allowed credit against fines for the defendant's incarceration in lieu of bond. *People v. Pine* (1980), 84 Ill. App. 3d 301, 405 N.E.2d 484; *People v. Brown* (1980), 83 Ill. App. 3d 261, 403 N.E.2d 1324.

We agree with the analysis in *Young* that there exists nothing in section 110—14 or the relevant case law to justify creating an exception from the $5 daily credit against a fine for defendants who have received jail-time credit. Accordingly, as the defendant served more than four days in custody prior to his release on bond, we grant him a credit for the entire amount of his $20 fine.

Based on the foregoing, the judgment of the circuit court of Will County is affirmed as modified.

Affirmed as modified.

STOUDER and WOMBACHER, JJ., concur.