THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK R. PILCHER, Defendant-Appellant.

Third District   No. 3—85—0735

Opinion filed September 26, 1986.

HEIPLE, J., concurring in part and dissenting in part.

Robert Agostinelli and Frank Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (Howard R. Wertz, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Mark Pilcher, was found guilty after a bench trial of the offense of unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)). Defendant was sentenced to two years of probation, subject to a five-month period of imprisonment. He was further ordered to pay $300 in restitution and fined $990.

In this appeal defendant challenges the amount of his fine. The underlying facts are not in dispute. Therefore, only those necessary to explain our disposition of the sentencing issues will be detailed here. The evidence tended to prove that on August 28, 1984, defendant sold a one-eighth-ounce packet containing cocaine to Edward Sais, an undercover informant for the Kankakee Area Metropolitan Enforcement Group, for $300. The packet was turned over to Agent Gary Mitchell, who weighed the substance and field-tested it. It tested positive for cocaine, and weighed approximately 3.4 grams. The material was subsequently forwarded to the Joliet crime lab for testing and there determined to be 3.3 grams of 75%-cocaine. According to Agent Mitchell, the average purity of cocaine sold on the streets is 25%, and it sells for $100 per gram. Mitchell testified that in his opinion the material sold to Sais had a street value of $990.

At the conclusion of the defendant's sentencing hearing, the court found that the full street value of the cocaine delivered by defendant was $990 and imposed sentence, as aforesaid. The court ordered that defendant be granted credit against his five-month sentence of imprisonment for seven days served in jail pending trial.

The first issue defendant presented in this appeal is whether the trial court's factual finding that the street value of the drug was

$990 is erroneous.

Section 5—9—1.1 of the Uniform Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1) provides:

> "When a person has been adjudged guilty of a drug related offense involving *** delivery of a controlled substance as defined in *** the Illinois Controlled Substances Act, as amended, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the *** controlled substance seized.
>
> 'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substance seized."

Defendant contends that the best evidence of "street value" is the price actually paid in a contemporaneous sale—in this case, $300. In *People v. Beavers* (1986), 141 Ill. App. 3d 790, 796, 491 N.E.2d 438, 443 (citing *People v. Dale* (1985), 137 Ill. App. 3d 101, 434 N.E.2d 459), we stated, "street value is the price in a sale between a willing seller and a willing buyer in the streets based on testimony by law-enforcement personnel and the defendant." In *Beavers*, Agent Stein testified that Illinois Department of Law Enforcement statistics indicated that the street value of cocaine is $400 per gram. He also testified that he had never paid more than $100 per gram. The evidence underlying defendant Beavers' conviction established that, in fact, Stein had paid approximately $100 per gram for the cocaine delivered to him by Beavers. Significantly, it does not appear that the relative purity of the cocaine alluded to in Agent Stein's testimony was placed into evidence.

On appeal we ruled that the evidence in *Beavers* would not support a fine greater than $800 for the eight ounces sold by the defendant. Accordingly, we reversed that portion of the trial court's judgment assessing a $3,600 fine and reduced the fine to $800.

By contrast to *Beavers*, the record before us today contains testimony sufficient to explain and to justify a difference between the amount paid for the drug and the law-enforcement officer's opinion of its "full street value." At his sentencing hearing, defendant Pilcher presented no testimony of the "street value" of the cocaine. According to Agent Mitchell's testimony, the cocaine delivered here was sold for less than a third of its "full street value." A reasonable inference can be drawn, based on Mitchell's testimony, that the cocaine delivered by defendant, unlike most street cocaine, had not been signifi-

cantly diluted with cutting agents for sale to a user. In other words, the material delivered could have been further cut and resold to a willing buyer in the streets at 25% purity for $100 per gram. Based on the only evidence of record, we hold that the court committed no error in determining that the "full street value" of the material delivered by defendant, as the expression is used in section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1), was $990. A fine in that amount was properly levied by the court in imposing defendant's sentence.

■ In his second issue on appeal, defendant claims that he is entitled to $35 of credit against his fine for the seven days he spent in jail pending the prosecution of his case. Ill. Rev. Stat. 1985, ch. 38, par. 110—14.

When the issue was first presented for review in this court, the State conceded that a defendant, who had spent time in the county jail awaiting trial and is subsequently sentenced to imprisonment with a section 1005—9—1.1 fine, should be given the $5-per-day, section 110—14 credit against his fine. (*People v. Seidel* (1985), 138 Ill. App. 3d 616, 485 N.E.2d 1330.) The State has recently retreated from its position (*People v. Hare* (1986), 144 Ill. App. 3d 279, 494 N.E.2d 913), and now resists the relief defendant seeks on grounds that he already received seven days of good-time credit against his prison sentence of five months.

The State's "double crediting" argument has been found persuasive in the second and fourth districts of our appellate court (see *People v. Love* (2d Dist. 1986), 140 Ill. App. 3d 651, 489 N.E.2d 393; *People v. Holzhauer* (4th Dist. 1986), 144 Ill. App. 3d 153, 494 N.E.2d 272), but rejected by the fifth and third districts (see *People v. Young* (5th Dist. 1981), 96 Ill. App. 3d 634, 421 N.E.2d 968; *People v. Williams* (5th Dist. 1986), 142 Ill. App. 3d 266, 491 N.E.2d 941; *People v. Hare* (3d Dist. 1986), 144 Ill. App. 3d 279, 494 N.E.2d 913). The supreme court has declined to resolve the conflict. See *People v. Love* (1986), 112 Ill. 2d 564, 564-65 (Simon, J., dissenting from denial of leave to appeal).

Having considered the matter anew, we remain convinced that the legislature could not have intended that the credit afforded by section 110—14 be denied to defendants who receive day-for-day good conduct credit pursuant to section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7). (*People v. Hare* (1986), 144 Ill. App. 3d 279, 494 N.E.2d 913.) We will not construe the language of the statute (Ill. Rev. Stat. 1985, ch. 38, par. 110—4) as suggested by the State to create the exception it now seeks to in-

fer. Accordingly, we adhere to our former rulings on the issue and grant defendant credit in the amount of $35 against his fine of $990.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed, as modified.

Affirmed as modified.

SCOTT, P.J., concurs.

JUSTICE HEIPLE, dissenting in part and concurring in part:

The defendant was found guilty of selling cocaine to an undercover agent for $300. In fixing a fine for the defendant, the trial judge was mandated to fix the fine, "at not less than the full street value of the *** controlled substance seized." Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1.

The judge only had two items of evidence to consider on value. First, he had the actual recent sale of the subject property between a willing buyer and a willing seller for $300. Second, he had the opinion evidence of a drug agent that the property was really worth $990. The judge deemed the opinion of the drug agent to be more weighty and fixed the fine at $990. In doing so, the judge ignored the best evidence of value, the sale itself.

Beyond that, we are dealing here with a statutory mandate that is impossible to meet. In the absence of a free market, a court is simply not in a position to reliably determine the "street value" of contraband. Contraband, by definition, is subject to confiscation. The State makes it illegal to own, possess or sell it. Buyers and sellers are subject to fines and imprisonment. Short of evidence of an actual cash sale, who is available to come forward to give evidence of value? Certainly no manufacturers, distributors or dealers are going to be willing to offer their services as expert witnesses. No professional certification societies exist as in the real estate industry to qualify professional witnesses in this field. Consumers of contraband are not going to be willing to offer evidence of their recent purchases. So, other than an actual sale, the court is left with the testimony of undercover narcotics agents whose stock in trade is dissemblance and mendacity.

It should also be obvious, on reflection, that the very fact of drug enforcement drives up the price of the illicit drugs due to the risk factor. The higher the risk, the higher the price. Thus, the so-called street price of contraband will vary dramatically depending on the time, the place, the people, and the amount of law enforcement whether actual or perceived.

In sum, it would seem that the street value of contraband drugs at any given moment cannot be determined by opinion evidence in any reliable sense. Hence, the fixing of a fine on that basis is probably a denial of substantive due process of law under both the Federal and State constitutions. It is not necessary to reach the constitutional point in this case, however, since a mere weighing of the evidence points to the fact that the best evidence of value in this case is the $300 sale price itself and not the opinion testimony of the narcotics agent as to the potential $990 street value. Accordingly, the fine in this case should be reduced to $300.

Other than the above, I agree with the majority that the defendant is further entitled to a $35 credit against his fine for the seven days he spent in jail awaiting prosecution of his case. (Ill. Rev. Stat. 1985, ch. 38, par. 110—14.) The balance of the sentence of two years' probation conditioned on a five-month period of imprisonment was not challenged on appeal and should be affirmed subject only to the modification of the fine imposed as noted above.