THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES S. LUSIETTO, Defendant-Appellant.

Third District No. 3—87—0025

Opinion filed March 10, 1988.

HEIPLE, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant James S. Lusietto entered a plea of guilty in the circuit court of La Salle County to the offense of unlawful delivery of a controlled substance, one of three counts in the indictment returned against defendant. Before accepting the plea, the trial court determined that the factual basis for the offense was as follows: Various police officers and technicians would testify that defendant knowingly and unlawfully delivered 30 or more grams of a substance containing cocaine to Daniel Burke on December 6, 1985.

The evidence at the sentencing hearing indicated that defendant delivered 2.5 ounces of a substance containing cocaine to Burke, who was a police informant, at a price of $1,900 per ounce. A police officer testified that cocaine is generally delivered "on the street" in grams and that the "street value" of a gram of cocaine is approximately $100. The trial court imposed a fine of $8,290 on defendant which was computed by converting the three ounces seized from defendant (2½ ounces actually delivered and another one-half discovered in defendant's home) to grams and multiplying by $100. One ounce is 28.3 grams; three ounces would be 84.9 grams. At $100 per gram, the fine imposed represents 82.9 grams, which is slightly less than three ounces.

■ Defendant first contends that the fine is excessive. Section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1) requires a fine "at not less than the full street value of the *** controlled substances seized." The same section further provides:

" 'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substances seized." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1.)

Defendant insists that the sale price of $1,900 per ounce should have been used to determine the street value of the cocaine which was involved in this case and consequently that a fine of $4,750 should have been imposed. He relies upon *People v. Beavers* (1986), 141 Ill. App. 3d 790, 491 N.E.2d 438, *appeal denied* (1986), 112 Ill. 2d 581, where this court reduced a fine on the ground that the sale price of $100 per gram should have been used to compute the street value. We believe that *People v. Beavers* is distinguishable on its facts since, in that case, the witness who testified that the street value was $400 per

gram had stated that he never paid more than $100 per gram.

The controlling case here is *People v. Pilcher* (1986), 147 Ill. App. 3d 193, 497 N.E.2d 1360, *appeal denied* (1987), 113 Ill. 2d 566, where we held that the evidence supported the imposition of a fine of $990 for 3.3 grams of cocaine even though the actual sale price in that case was only $300. Additional evidence there indicated that the substance involved in the sale was 75% cocaine and that normally the average purity of cocaine sold on the streets is 25%. Thus, the fine imposed by the trial court was not contrary to the evidence. In the case at bar, the evidence indicates that defendant sold a large package of cocaine that would be sold on the street in quantities of one-half or one gram and would be sold at a price of $100 per gram. The price of the cocaine sold to Burke was that of a wholesale transaction, while the fine was assessed on the basis of the "street value" (*i.e.*, the price charged the consumer) as required by the statute. We conclude that the trial court did not err in finding the street value to be $100 per gram for purposes of the mandatory fine.

■ Defendant also contends that the trial court erred in calculating the fine on the basis of the one-half ounce of cocaine found in his home in Bureau County in addition to the cocaine involved in the sale. The record shows that the one-half ounce seized in Bureau County was the subject of a separate prosecution. Defendant cannot be sentenced by the courts of two different counties for possession of the same one-half ounce of cocaine. Calculating the correct fine at $100 per gram for 70.75 grams (2½ ounces), we determine that defendant should have been assessed $7,075 as a fine. Accordingly, the fine should be reduced from $8,290 to $7,075.

■ Finally, defendant asks that his fine be reduced to reflect a credit of $5 per day for the 21 days he spent in jail without posting bond before trial. Section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 110—14) provides for $5 per-day credit for incarceration on a bailable offense. The State argues that defendant was given credit for time served against his jail sentence and that to allow additional credit against his fine would amount to a double credit. Some courts have adopted that reasoning. (*E.g., People v. Holzhauer* (1986), 144 Ill. App. 3d 153, 494 N.E.2d 272, *appeal allowed* (1986), 112 Ill. 2d 585; *People v. Love* (1986), 140 Ill. App. 3d 651, 489 N.E.2d 393.) However, this court has ruled that a defendant is entitled to monetary credit as well as credit for time served. (*People v. Pilcher* (1986), 147 Ill. App. 3d 193, 497 N.E. 2d 1360.) Following our decision in *Pilcher*, we hold that defendant is entitled to a credit of $105 against the fine imposed. This further reduc-

tion brings the proper figure for defendant's fine to $6,970.

The State asks that we remand with instructions to increase the fine because the trial court apparently made a mathematical error in computing the fine at $8,290 when the correct amount for three ounces would be $8,490. Having determined that a recalculation is necessary, and having made the necessary computation, the State's argument has become moot.

For the reasons given, we affirm defendant's conviction and sentence subject to a reduction of the fine to $6,970.

Affirmed as modified.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:

In *People v. Beavers* (1986), 141 Ill. App. 3d 790, this court determined that, for the purpose of assessing the fine, street value of a controlled substance is the price obtained in a sale between a willing seller and a willing buyer. We there found that the street value was the price paid by the narcotics agent to the defendant, rather than the so-called "going rate" quoted by the agent from law enforcement statistics.

In *People v. Pilcher* (1986), 147 Ill. App. 3d 193, a majority of this court failed to apply the rule for determining street value as set out in *Beavers,* preferring to rely on the narcotics agent's testimony about the potential street value of the drug. As I pointed out in my dissent in *Pilcher,* because it is impossible to obtain reliable opinion evidence as to the street value of contraband, the best evidence of value is the sale price itself.

If the testimony of an undercover narcotics agent as to the value of contraband is to take precedence over the actual sale price, then there is no upper limit on value and, consequently, no upper limit on the fine that may be imposed. In this connection, it should be obvious that the primary qualification and stock-in-trade for an undercover narcotics agent is his ability to dissemble and deceive. He pretends to be somebody he is not for the purpose of encouraging others to engage in illicit drug transactions in his presence so that he can make an arrest. Then, we are expected to believe, he comes into court, takes an oath, and tells the unbridled truth.

In addition to wanting to obtain the maximum penalty for those he has arrested, the agent is also motivated to puff up the value of the contraband seized and, by implication, the value of the good work

he is doing. One gathers from the newspapers that every few weeks, government agents are bringing down a Piper Cub or waylaying a speedboat with several billion dollars' worth of marijuana or cocaine on board. I exaggerate, of course, but the pitiful truth is that the high street value of contraband is a direct result of law enforcement. The more stringent the enforcement, the higher the price. The higher the price, the more armed robberies and burglaries are committed so that users can pay for the stuff. Government has failed to control illicit drug trafficking. It has succeeded in driving up the price, and thereby, generated further crimes.

But to get back to the point at issue. The legislature thought it would be a just punishment to base the fine imposed on the street value of the contraband seized. It is my opinion that, if the fine is to be based on valuation, then the only reliable figure is the price that pertained to the transaction at hand, not some off-the-wall opinion from an undercover narcotics agent.

In the case at bar, the evidence established that the defendant sold 70.75 grams of cocaine to a police informant for about $67 a gram. A police officer testified that cocaine is usually purchased in smaller quantities for $100 a gram. The majority states that the defendant sold the cocaine at a "wholesale" price and that it was appropriate to base his fine on the price the ultimate consumer would pay, which it found to be $100 per gram. The majority's decision is unsupportable. The statute requires the court to determine the street value *of the drug seized* and this court previously determined that the street value is the price in a sale between a willing buyer and a willing seller. The statute does not suggest that the court must speculate whether the buyer might have been able to realize a greater profit in subsequent sales if he were a sharper trader. That the drug may usually be sold in smaller quantities is also irrelevant. The best evidence of value of the drug seized in this case is the actual price realized in the transaction, which in this case was $4,750. That was the price paid by a willing buyer to a willing seller. Accordingly, the fine in this case should be reduced to $4,750.

Other than the above, I agree with the majority that the defendant is further entitled to a credit against his fine for time spent in jail awaiting trial.