THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES L. MORSE, Defendant-Appellant.

Fifth District   No. 5—87—0482

Opinion filed July 19, 1989.

504

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Lori J. Lanciani, of State Appellate Defender's Office, of Springfield, for appellant.

Mark C. Hunter, State's Attorney, of Metropolis (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

The State must disclose charges pending against one of its witnesses and must disclose the terms of any deal for leniency for that witness so that a defendant can show bias. Failure to so disclose can deprive a defendant of due process of law as guaranteed by the fifth amendment to the Constitution of the United States, made applicable against the several States by operation of the fourteenth amendment. See, e.g., *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194; *Napue v. Illinois* (1959), 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173.

We affirm defendant's conviction despite the State's erroneous position taken both at trial and on appeal that there is no duty to disclose these matters, because the record establishes that defendant knew of the pending charges, was not restricted in his cross-examination, and thereby was able to show the bias of the State's witness.

Defendant was convicted by a jury of unlawful delivery of a controlled substance. The drug deal was set up by drug agents and utilized an informant who wore an eavesdropping device. The drug agents watched and listened as defendant sold cocaine to the informant.

The informant had been persuaded to participate in the setup by the Massac County State's Attorney's offer of leniency on an existing charge of armed violence, a Class X, nonprobational felony. The armed violence charge arose out of the informant shooting into a house. In exchange for the informant wearing an eavesdropping device and arranging a drug deal with defendant, the State's Attorney promised both to reduce the armed violence charge to a, probational offense and to recommend probation upon a plea of guilty. The deal was sweetened later when the State's Attorney further agreed to refrain from transferring a case against the informant's son from juvenile to criminal court.

Notwithstanding a request by defendant during discovery, the State refused to disclose this promise of leniency. The State also failed to disclose information concerning the dismissal of certain traffic

charges involving the informant. The State claimed that this was not "*Brady* material," and therefore, not discoverable.

Nevertheless, after a pretrial conference, defense counsel asked if any deals had been made with the informant and the State's Attorney replied that he had agreed to reduce the armed violence charge and to recommend probation when defendant pleaded guilty. However, the State's Attorney did not disclose information concerning dismissal of the traffic cases.

Before trial, the State's Attorney left office, and a new one appointed.

On the day defendant's trial commenced, the armed violence charges against the informant were dismissed because the speedy trial period had expired. Additionally, charges against the informant of driving under the influence, driving while license revoked, and driving with a suspended license had been dismissed between the time defendant had been arrested and put on trial.

At trial, the informant was cross-examined by defendant about the dismissal of the pending traffic cases, the deal that he had made on the armed violence charges, and the favorable treatment that his son had received. The cross-examination dwelled, at length, on the fact that the armed violence charges had been dismissed because of a speedy trial violation instead of resulting in probation on a lesser charge.

Defendant moved for a mistrial based on the State's refusal to disclose. The circuit court denied that motion.

The State called as a witness the previous State's Attorney. He testified to the promise of leniency for the informant as well as for the informant's son, but denied deliberately allowing the speedy trial period to run. The ex-State's Attorney further denied that the traffic cases were dismissed in consideration of the informant's efforts against defendant.

■ Disclosure of leniency is critical to the integrity of the fact-finding process. A defendant has the right to question a witness concerning any matter which would tend to discredit the witness, and the fact that a witness has been charged with a crime may be shown where it reasonably tends to show bias or motive to fabricate. (*People v. Barr* (1972), 51 Ill. 2d 50, 280 N.E.2d 708.) The State usually has superior access to information regarding a promise of leniency. Because a defendant cannot cross-examine on what he does not know, we require the State to give the defendant this information to allow him the opportunity to show bias. However, if that defendant has knowledge of the promise of leniency, there is no prejudice in failure

to disclose. See *People v. Elbus* (1983), 116 Ill. App. 3d 104, 451 N.E.2d 603.

Here, defendant not only knew of the promise, but extensively cross-examined the informant on it, as well as on the dismissal of the pending traffic cases. While, in this case we find that there was no prejudice, ordinarily, refusal to disclose will result in a denial of due process.

Defendant complains that the ex-State's Attorney should not have been allowed to testify as to his motivations in making the promise of leniency to the informant, and that his testimony had the effect of vouching for the credibility of the informant. Defendant further claims that the circuit court erred in allowing the ex-State's Attorney to testify, because he was not one of the witnesses listed in the State's discovery answer. The State cites *People v. Hudson* (1987), 161 Ill. App. 3d 447, 514 N.E.2d 799, and counters that because it had no intent to call the ex-State's Attorney to testify until defendant's opening remarks concerning the "deal" struck between the ex-State's Attorney and the informant, it had no duty to disclose the witness' name prior to trial.

The question of whether a witness who has not been listed should testify is submitted to the discretion of the circuit court, and absent a showing of surprise or prejudice, the circuit court's decision to permit a witness to testify will not be reversed. (*People v. Taylor* (1982), 107 Ill. App. 3d 1019, 1023, 438 N.E.2d 565, 567; *People v. Hudson* (1987), 161 Ill. App. 3d at 452, 514 N.E.2d at 802.) We find no such abuse of discretion.

The ex-State's Attorney's testimony was relevant to show the terms of the promise of leniency and was made critical to the State's case when defendant implied that the speedy trial period for the informant's armed violence case deliberately had been allowed to expire. The only means the State had to rebut that implication was through the testimony of the ex-State's Attorney, himself. Further, the defendant had implied that the traffic cases had been dismissed in exchange for the informant's efforts in this case. Again, the testimony of the ex-State's Attorney was relevant to rebut that implication. Both implications were made by defendant's cross-examination of the informant. Ordinarily, witnesses who are called to rebut material presented by the defense need not be listed as witnesses. (*People v. Fox* (1988), 177 Ill. App. 3d 602, 532 N.E.2d 472.) We feel that the same theory should apply here, since the implication was made by the defense, not by the State. Since the implication that was made here ordinarily would not be one that would be part of the State's case in

chief, we do not feel that the circuit court abused its discretion in allowing the ex-State's Attorney to testify.

■ The ex-State's Attorney was allowed to testify as to why he exchanged leniency for the informant's work. Defendant now says those reasons are irrelevant. They are. Illinois has adopted Rule 401 of the Federal Rules of Evidence. (*People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295.) " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (*Monroe*, 66 Ill. 2d at 322, 362 N.E.2d at 296.) Here, the fact of consequence is not the reason the offer of leniency was made, rather it is the bias of the informant shown by the promise of leniency. However, we find that the defendant waived any claim of prejudice in this case. When the prosecutor asked the ex-State's Attorney how he arrived at the decision to offer leniency, defense counsel objected, and then said, "I will withdraw that objection. I will take that up on cross-examination, Judge." That is more than waiver, it amounts to a request, and overt approval.

■ Defendant next complains that the circuit court erred in overruling his objection to the portion of the ex-State's Attorney's testimony wherein he said he thought the informant was sincere; defendant points out that it is error for one witness to comment on the credibility of another witness. (See *People v. Dowd* (1981), 101 Ill. App. 3d 830, 428 N.E.2d 894; *People v. Best* (1981), 97 Ill. App. 3d 1083, 424 N.E.2d 29.) The proposition of law defendant has relied on is correct; however, it has no application in this case. This testimony came when the ex-State's Attorney was asked how he arrived at the decision to promise leniency. When defendant's objection had been withdrawn, the witness began to give his reason, and when he said, "It also appeared to me that the information that he was providing was one of first hand knowledge, and that he was sincere," defendant objected that the witness was trying to vouch for the credibility of the informant. The circuit court properly overruled this objection. Defendant wanted the witness to give the reasons. Sincerity of the informant most likely will always be a reason to offer leniency. Defendant cannot withdraw an objection and then later reassert the objection merely because the testimony becomes unfavorable to him. He cannot have it both ways.

■ Defendant next complains that he was prejudiced despite the circuit court's sustaining his objection to a witness making an unsubstantiated claim that defendant had a drug operation. We find no error. When a circuit court sustains an objection, ordinarily there can be

no reversal. Only in instances of extreme prejudice has a reviewing court found error and reversed a conviction. (*Greer v. Miller* (1987), 483 U.S. 756, 97 L. Ed. 2d 618, 107 S. Ct. 3102; *People v. Carlson* (1980), 79 Ill. 2d 564, 577, 404 N.E.2d 233, 238; *People v. Whitfield* (1986), 140 Ill. App. 3d 433, 441, 488 N.E.2d 1087, 1092.) That is not presented here.

■ Only one fleeting reference was made to the "operation" and defendant's objection to the reference was promptly sustained. Furthermore, there can be no prejudice because the informant had testified without objection that he and defendant had been involved together in drug trafficking six or seven times before, and that in these instances defendant would deliver the drugs to the informant, who then would go out and sell them and then pay defendant, and further that he owed defendant $3,000 from an earlier drug deal.

■ Defendant next urges this court to reverse his conviction because of "bad faith" on the part of the State. He argues that refusing to disclose the promise of leniency, together with the testimonial improprieties establish a course of conduct that should not be sanctioned. Suspicions of reasonable people are aroused by the fact sequence of this case: The State refused to disclose leniency, denied dismissing traffic cases as a payoff for the informant's efforts, and then claimed that taking a dismissal of the informant's case the very day defendant's trial began because the speedy trial period had run was a coincidence. However, neither this court nor any other court can give judgment on suspicion. No lawyer should be found in "bad faith" on suspicion. The record in this case does not support defendant's contention.

■■ Defendant lastly contends that he was fined too much under section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1). Under the provisions of that section, a person convicted of unlawful delivery of drugs must be fined not less than the "full street value of the [drugs]." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1.) The circuit court relied on the expert opinion of a drug agent that the street value of the drugs involved was $11,000. Defendant contends that the value should have been determined by the amount defendant charged for the drugs, $4,800. We reject defendant's claim. Where a quantity of drugs larger than would be used for personal consumption is sold, the "street value fine" can be higher than the price actually paid on the theory that the price paid is wholesale, but the value on the street is retail. (*People v. Lusietto* (1988), 167 Ill. App. 3d 251, 253, 521 N.E.2d 174, 175; *People v. Pilcher* (1986), 147 Ill. App. 3d 193, 196, 497 N.E.2d

1360, 1361-62.) Defendant sold 56.1 grams of cocaine; the evidence showed that cocaine usually is sold in quantities of eight grams or less in Massac County. The cocaine sold was 68% pure; the evidence showed that cocaine sold in Massac County is rarely more than 50% pure, and ordinarily in the range of 34%. This evidence justified the circuit court in imposing a fine in excess of the amount paid to the defendant.

The circuit court is affirmed.

Affirmed.

GOLDENHERSH and RARICK, JJ., concur.