THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KERRY LASTER, Defendant-Appellant.

First District (6th Division)   No. 1—88—3662

Opinion filed December 28, 1990.

Randolph N. Stone, Public Defender, of Chicago (Greg Koster, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

After a bench trial, defendant, Kerry Laster, was found guilty of burglary. The trial court subsequently sentenced him to a term of three years, and fined him $90 in costs and $20 for victim compensation. Prior to conviction, defendant had served 15 days in jail on this bailable offense, and the trial court credited that time against his term of imprisonment. On appeal, defendant's sole contention is that he is entitled to a credit of $75 on his fine, as he was imprisoned for 15 days on a bailable offense.

Section 110—14 of the Code of Criminal Procedure of 1963 provides in pertinent part that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted." Ill. Rev. Stat. 1987, ch. 38, par. 110—14.

We initially reject the State's assertion that defendant has waived the issue. Defendant's failure to apply for the credit in the trial court does not bar such application on appeal where as here the record fails to indicate that the clerk of the court notified the defendant in writing of the statutory provision. *People v. Young* (1981), 96 Ill. App. 3d 634, 421 N.E.2d 968.

The precise issue before us, whether a defendant is entitled to a credit of $5 a day on a fine imposed for time served prior to conviction, where the trial court has credited the time against his prison term, has been before the appellate court several times.

In *People v. Smith* (1985), 133 Ill. App. 3d 613, 479 N.E.2d 328, *People v. Stevens* (1984), 125 Ill. App. 3d 516, 466 N.E.2d 296, and *People v. Young*, the courts held that where a defendant was sentenced to imprisonment and a fine for an offense, the fact that he had been given credit for time spent in jail did not preclude a defendant from receiving $5 credit for each day spent in jail prior to conviction and sentencing. These courts reasoned that there was nothing in the language of the statute to justify creating an exception for defendants

who have received credit in the form of reduced sentences of imprisonment. See *People v. Young*, 96 Ill. App. 3d at 636-37.

However, in *People v. Love* (1986), 140 Ill. App. 3d 651, 489 N.E.2d 393, the court expressly rejected the foregoing holdings. The court held that since the jail sentence was credited with time served in jail, the defendant improperly requested double credit.

We believe the holdings in *Smith*, *Stevens* and *Young* express the better view. The statute in question allowing $5 daily credit does not exclude defendants who also have received credit against a term of imprisonment, and we will not do so. We therefore grant defendant a credit of $75 against the fine imposed for the days he served prior to conviction and sentencing.

Accordingly, the judgment of the circuit court of Cook County is affirmed as modified.

Affirmed as modified.

LaPORTA, P.J., and RAKOWSKI, J., concur.