# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Jake*, 2011 IL App (4th) 090779

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE D. JAKE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-09-0779 |
| Filed | August 15, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for aggravated domestic battery and aggravated battery, his statutorily permissible 25-year sentence was not an abuse of discretion, his argument on appeal that the trial court exceeded its statutory authority in imposing a late fee and a collection fee was dismissed due to the appellate court's lack of jurisdiction where the fees were assessed four months after defendants' notice of appeal was filed, but defendant was entitled to apply his credit for his presentence incarceration to the $5 drug-court fee, which did constitute a fine, and the $25 Violent Crime Victims Assistance Act assessment was reduced to $4 where defendant's remaining fine was less than $40. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-CF-356; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Appeal dismissed in part; judgment affirmed in part as modified; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Amber Gray, all of State Appellate Defender's Office, of Springfield, for appellee.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.
Presiding Justice Knecht and Justice Appleton concurred in the judgment and opinion.

## OPINION

¶ 1     In July 2009, a jury convicted defendant, Maurice D. Jake, of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2008)) and aggravated battery (720 ILCS 5/12-4(b)(8) (West 2008)). In August 2009, the trial court sentenced defendant as a Class X offender pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(c)(8) (West 2008)) to 25 years' imprisonment for aggravated domestic battery with 168 days' sentence credit.

¶ 2     Defendant appeals, arguing (1) the trial court abused its discretion in sentencing defendant to 25 years' imprisonment, (2) the circuit clerk is without authority to assess a $38.25 late fee and an $87.98 collection fee, (3) the trial court erred in failing to apply defendant's presentence credit toward his $5 drug-court fee, and (4) the $25 Violent Crime Victims Assistance Fund (VCVA) assessment should be reduced to $4. We dismiss in part, affirm in part as modified, and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4     In February 2009, the State charged defendant by information with aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2008)) and aggravated battery (720 ILCS 5/12-4(b)(8) (West 2008)). At defendant's July 2009 jury trial, the State presented the following evidence. Chasity Barefield testified in February 2009, she lived in Paris, Illinois, with her boyfriend, defendant. On February 23, 2009, defendant drove Barefield to her place of employment, a Wal-Mart in Champaign, Illinois. Barefield testified she finished her shift at 10 p.m. and hurried outside to the parking lot, where defendant was waiting. Defendant had driven to Wal-Mart in Barefield's vehicle and was waiting in the passenger seat of the vehicle. Barefield entered the driver's seat of the vehicle. Barefield testified that upon entering the vehicle, she and defendant began to discuss a number that appeared on her cell phone bill. Barefield told defendant she had not been unfaithful. Defendant then struck Barefield's arm. Barefield pulled out of the Wal-Mart parking lot and began to drive to the residence she

shared with defendant in Paris. Barefield testified defendant repeatedly struck her during the drive home. If Barefield slowed down, defendant hit her "harder." The entire trip took 70 minutes. Barefield estimated defendant "beat" her for 45 minutes of the trip. Defendant had beaten her on prior occasions.

¶ 5        On February 26, 2009, Barefield went to a hospital in Champaign, Illinois, and spoke with a Champaign police officer. She testified the officer took photographs of the injuries he observed. The State introduced into evidence the photographs the officer took of Barefield's injuries. The photographs showed bruises on various parts of her body, including her eye, right arm, chest, legs, and hands.

¶ 6        Barefield experiences numbness in her little finger and the finger next to it as a result of the beating. Barefield did not report her injuries until February 26, 2009, because she was developing a plan and needed "help from work."

¶ 7        Barefield testified defendant was identified in her cellular phone as "Reese." The State entered a photograph into evidence of a text message sent from "Rees" to Barefield at 7:16 p.m., on February 23, 2009. The message from "Rees" stated "Im beatin u." At 7:17 p.m., a message reading, "every fuckin 10 minut[ ]es like I told u," was also sent from "Rees." The State entered into evidence a photograph of this text message as well. Barefield testified she was afraid of defendant and he had threatened to kill or hurt her if she ever left him.

¶ 8        Barefield testified based on previous experiences, she knew if she had fought back during the drive home on February 23, 2009, defendant would have punched her "harder." She felt if she had drawn attention to her vehicle during the drive home, the incident "would have been worse than what it was."

¶ 9        The jury found defendant guilty of aggravated domestic battery and aggravated battery. The trial court determined the offense of aggravated battery merged with the conviction for aggravated domestic battery. Thereafter, the court sentenced defendant as stated.

¶ 10        This appeal followed.


¶ 11                                II. ANALYSIS

¶ 12        On appeal, defendant argues (1) the trial court abused its discretion in sentencing defendant to 25 years' imprisonment, (2) the circuit clerk is without authority to assess a $38.25 late fee and an $87.98 collection fee, (3) the court erred in failing to apply defendant's presentence credit toward his $5 drug-court fee, and (4) the $25 VCVA assessment should be reduced to $4.


¶ 13                          A. Twenty-five-year Sentence

¶ 14        Defendant argues the trial court abused its discretion in imposing a 25-year sentence for his aggravated-domestic-battery conviction. Trial courts are given broad discretion in fashioning appropriate criminal sentences. *People v. Stacey*, 193 Ill. 2d 203, 209, 737 N.E.2d 626, 629 (2000). Absent an abuse of the court's discretion, we will not alter the sentence on review. *Stacey*, 193 Ill. 2d at 209-10, 737 N.E.2d at 629.

¶ 15        Based on defendant's prior criminal history, the trial court was required to sentence

defendant on his Class 2 felony as a Class X offender. See 730 ILCS 5/5-5-3(c)(8) (West 2008). The 25-year sentence was appropriate considering defendant's scant rehabilitative potential. Defendant's criminal record dates back to 1994 when he was adjudicated delinquent for aggravated battery. Since then, defendant has been convicted of unlawful possession of a controlled substance with intent to deliver, unlawful possession of cannabis with intent to deliver, unlawful delivery of a controlled substance, and numerous traffic violations. In the presentence investigation (PSI) report, defendant characterized his actions as "nothing other than a case of domestic battery, which was somehow, some way tripled into serious felonies."

¶ 16    The trial court stated it considered the PSI report, statutory factors in aggravation and mitigation, comments of counsel, and defendant's written comments. The court found several applicable mitigating factors, including defendant's age (31), his employment history, and his prior child-support payments. The court found statutory factors in aggravation included defendant's prior juvenile and adult criminal history and the need for deterrence. The court noted this was a deterrable offense. Defendant's penchant for criminal activity, and the court's responsibility to deter future conduct of this sort, supports the court's imposition of a 25-year prison sentence. The court did not abuse its discretion in rendering the statutorily permissible 25-year sentence.

¶ 17                    B. Authority To Impose Late and Collection Fees

¶ 18    Next, defendant argues the circuit clerk exceeded her statutory authority in ordering him to pay a $38.25 late fee and an $87.98 collection fee. On February 17, 2011, this court directed the parties to (1) supplement the record with the date on which the circuit clerk assessed the late fees and collection fees; (2) address the issue of this court's authority to review on direct appeal of a criminal judgment the late fees and collection fees that can be assessed under section 124A-10 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/124A-10 (West 2008)) *only after* the expiration of 30 days following entry of the judgment; (3) address the issue of whether the late fees and collection fees assessed by the circuit clerk under section 124A-10 of the Procedure Code (725 ILCS 5/124A-10 (West 2008)) are part of the criminal judgment or whether the fees are in the nature of a separate civil penalty which must be challenged by a cause of action separate from the criminal case; and (4) address the issue of whether a court-ordered payment schedule was implemented in this case. We have now considered the supplemental briefs.

¶ 19    Section 124A-10 of the Procedure Code provides as follows:

"The property, real and personal, of a person who is convicted of an offense shall be bound, and a lien is created on the property, both real and personal, of every offender, not exempt from the enforcement of a judgment or attachment, from the time of finding the indictment at least so far as will be sufficient to pay the fine and costs of prosecution. The clerk of the court in which the conviction is had shall *upon the expiration of 30 days after judgment is entered* issue a certified copy of the judgment for any fine that remains unpaid, and all costs of conviction remaining unpaid. Unless a court ordered payment schedule is implemented, the clerk of the court may add to any judgment a delinquency

-4-

amount equal to 5% of the unpaid fines, costs, fees, and penalties that remain unpaid after 30 days, 10% of the unpaid fines, costs, fees, and penalties that remain unpaid after 60 days, and 15% of the unpaid fines, costs, fees, and penalties that remain unpaid after 90 days. Notice to those parties affected may be made by signage posting or publication. The clerk of the court may also after a period of 90 days release to credit reporting agencies, information regarding unpaid amounts. The additional delinquency amounts collected under this Section shall be used to defray additional administrative costs incurred by the clerk of the court in collecting unpaid fines, costs, fees, and penalties. The certified copy of the judgment shall state the day on which the arrest was made or indictment found, as the case may be. Enforcement of the judgment may be directed to the proper officer of any county in this State. The officer to whom the certified copy of the judgment is delivered shall levy the judgment upon all the estate, real and personal, of the defendant (not exempt from enforcement) possessed by him or her on the day of the arrest or finding the indictment, as stated in the certified copy of the judgment and any such property subsequently acquired; and the property so levied upon shall be advertised and sold in the same manner as in civil cases, with the like rights to all parties that may be interested in the property. It is not an objection to the selling of any property under the judgment that the defendant is in custody for the fine or costs, or both." (Emphasis added.) 725 ILCS 5/124A-10 (West 2008).

¶ 20 Section 5-9-3(e) of the Unified Code provides the following:

"A default in the payment of a fine, fee, cost, order of restitution, judgment of bond forfeiture, judgment order of forfeiture, or any installment thereof may be collected by any and all means authorized for the collection of money judgments. The State's Attorney of the county in which the fine, fee, cost, order of restitution, judgment of bond forfeiture, or judgment order of forfeiture was imposed may retain attorneys and private collection agents for the purpose of collecting any default in payment of any fine, fee, cost, order of restitution, judgment of bond forfeiture, judgment order of forfeiture, or installment thereof. An additional fee of 30% of the delinquent amount is to be charged to the offender for any amount of the fine, fee, cost, restitution, or judgment of bond forfeiture or installment of the fine, fee, cost, restitution, or judgment of bond forfeiture that remains unpaid after the time fixed for payment of the fine, fee, cost, restitution, or judgment of bond forfeiture by the court. The additional fee shall be payable to the State's Attorney in order to compensate the State's Attorney for costs incurred in collecting the delinquent amount. The State's Attorney may enter into agreements assigning any portion of the fee to the retained attorneys or the private collection agent retained by the State's Attorney. Any agreement between the State's Attorney and the retained attorneys or collection agents shall require the approval of the Circuit Clerk of that county. A default in payment of a fine, fee, cost, restitution, or judgment of bond forfeiture shall draw interest at the rate of 9% per annum." 730 ILCS 5/5-9-3(e) (West 2008).

¶ 21 The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Diggins*, 235 Ill. 2d 48, 54, 919 N.E.2d 327, 331 (2009). "The best indicator of the legislature's intent is the language of the statute, which must be

accorded its plain and ordinary meaning." *Diggins*, 235 Ill. 2d at 54, 919 N.E.2d at 331. To avoid rendering any part of the statute meaningless or superfluous, statutes are construed in their entirety. *Weather-Tite, Inc. v. University of St. Francis*, 233 Ill. 2d 385, 389-90, 909 N.E.2d 830, 833 (2009). Where the statutory language is clear and unambiguous, a court must apply the statute as written without resorting to aids of statutory construction. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440, 925 N.E.2d 1113, 1117 (2010).

¶ 22 Here, section 124A-10 of the Procedure Code states the clerk of the court "shall upon the expiration of 30 days after judgment is entered issue a certified copy of the judgment for any fine that remains unpaid, and all costs of conviction remaining unpaid." 725 ILCS 5/124A-10 (West 2008). The judgment may be enforced on "[t]he property, real and personal, of a person who is convicted of an offense." 725 ILCS 5/124A-10 (West 2008). Further, the statute provides property levied upon "shall be advertised and sold in the same manner as in civil cases," 725 ILCS 5/124A-10 (West 2008). Section 5-9-3(e) of the Unified Code states "[a]n additional fee of 30% of the delinquent amount is to be charged to the offender" "in order to compensate the State's Attorney for costs incurred in collecting the delinquent amount." 730 ILCS 5/5-9-3(e) (West 2008).

¶ 23 Section 124A-10 of the Procedure Code does not exclude those individuals who are convicted of an offense and sentenced to a prison term. While we agree with the State such fees are authorized by statute, those statutes make clear the fees are in the nature of a separate civil penalty which must be challenged by a cause of action separate from the criminal case. Therefore, we decline to address this issue in the context of a criminal case. We note defendant is represented by an attorney whose fees are being paid with tax dollars. We also note court-appointed counsel is to represent defendant in criminal matters only. If a defendant chooses to contest civil penalties assessed for nonpayment of a judgment he or she can do so *pro se* or can hire an attorney for that purpose.

¶ 24 Further, the late and collection fees imposed were not assessed until after defendant filed his notice of appeal. A notice of appeal provides a reviewing court with jurisdiction to consider only the judgments specified in the notice of appeal. *People v. Lewis*, 234 Ill. 2d 32, 37, 912 N.E.2d 1220, 1223 (2009). Once the notice of appeal is filed, the reviewing court has no jurisdiction over matters the trial court decides after that date. *Mitchell v. Atwood Enterprises, Inc.*, 253 Ill. App. 3d 475, 478, 624 N.E.2d 878, 881 (1993). The final judgment in a criminal case is the sentence. *People v. Caballero*, 102 Ill. 2d 23, 51, 464 N.E.2d 223, 236-37 (1984). Here, the trial court sentenced defendant on August 12, 2009. As a result, defendant had to file a notice of appeal within 30 days after the judgment or within 30 days after the trial court disposed of the last timely filed motion directed against the judgment. See Ill. S. Ct. R. 606(b) (eff. Sept. 1, 2006). Defendant filed a motion for reconsideration of sentence on August 14, 2009, and a notice of appeal on October 13, 2009. The clerk assessed late and collection fees on February 9, 2010, six months after judgment and four months after defendant filed his notice of appeal. Thus, we do not have jurisdiction to consider the merits of defendant's argument and, accordingly, dismiss this portion of defendant's appeal.

C. $5-Per-Day Credit

¶ 26 Defendant argues, and the State concedes, defendant should receive monetary credit for time spent in custody against the $5 drug-court fee imposed by the trial court pursuant to section 5-1101(f)(2) of the Counties Code (55 ILCS 5/5-1101(f)(2) (West 2008)).

¶ 27 Section 110-14(a) of the Procedure Code provides the following:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14(a) (West 2008).

¶ 28 In this case, it is undisputed defendant was incarcerated 168 days on a bailable offense. As a result, defendant has $840 in available credit against fines. The State concedes the $5 drug-court "fee" is actually a fine because the record does not show it was sought to reimburse the State for any cost incurred as a result of prosecuting defendant. Following our review of the record, we accept the State's concession and agree.

¶ 29 The central characteristic separating a fee from a fine is how the attributes of the charge are to be used. See *People v. Paige*, 378 Ill. App. 3d 95, 102, 880 N.E.2d 675, 682 (2007). "[A] 'charge is a fee if and only if it is intended to reimburse the state for some cost incurred in [the] defendant's prosecution. [Citations.]' " *Paige*, 378 Ill. App. 3d at 102, 880 N.E.2d at 682 (quoting *People v. Jones*, 223 Ill. 2d 569, 600, 861 N.E.2d 967, 986 (2006)). The revenue from the charges imposed under section 5-1101(f)(2) are intended to be used "for the operation and administration of the drug court" (55 ILCS 5/5-1101(f) (West 2008)) and not to reimburse the State for costs incurred as a result of prosecuting defendant, who was not transferred to drug court. As a result, the $5 assessment is a fine. Because the assessment is a fine, defendant is entitled to apply his available $840 available credit toward that assessment.

¶ 30 D. VCVA Assessment

¶ 31 Defendant argues the $25 VCVA fine should be reduced to $4, and the State concedes the fine should be reduced to $4.

¶ 32 Pursuant to section 10(c)(1) of the Violent Crime Victims Assistance Act, the $25 VCVA assessment defendant received is to be imposed only where the defendant is convicted of a qualifying felony and no other fine is imposed. See 725 ILCS 240/10(c)(1) (West 2008).

¶ 33 In this case, the $5 drug-court assessment is a fine because the record does not show it was sought to reimburse the State for any costs incurred in defendant's prosecution. See *Paige*, 378 Ill. App. 3d at 102, 880 N.E.2d at 682.

¶ 34 Where another fine is imposed, section 10(b) of the Violent Crime Victims Assistance Act requires "there shall be an additional penalty collected *** upon conviction *** of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). In this case, the drug-court fine is $5. Accordingly, defendant's VCVA assessment should be modified to $4 because the remaining fine totals less than $40. See 725 ILCS 240/10(b) (West 2008).

¶ 35                          III. CONCLUSION

¶ 36        For the reasons stated, we dismiss those parts of the appeal for which we lack jurisdiction. We remand for the application of defendant's $840 available credit toward the $5 drug-court fee and a reduction of the VCVA assessment to $4. We otherwise affirm the trial court's judgment. Because the State successfully defended a portion of the criminal judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal. See *People v. Smith*, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985) (citing *People v. Nicholls*, 71 Ill. 2d 166, 178, 374 N.E.2d 194, 199 (1978)).


¶ 37        Appeal dismissed in part; judgment affirmed in part as modified; cause remanded with directions.