# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Kirkland*, 2013 IL App (4th) 120343

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD H. KIRKLAND, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0343 |
| Filed | November 13, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's judgment that defendant was guilty of two counts of aggravated criminal sexual abuse of his stepdaughters was upheld where the record showed that the jury clearly intended to convict defendant on both counts, even though the word "aggravated" was omitted on one of the verdict forms due to a typographical error, since defendant was not prejudiced by the flawed verdict form; however, the Crime Stoppers fee, which is only applicable when a community-based sentence is imposed, was vacated, because defendant was sentenced to prison. |
| Decision Under Review | Appeal from the Circuit Court of Ford County, No. 11-CF-59; the Hon. Stephen R. Pacey, Judge, presiding. |
| Judgment | Affirmed as modified; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Arden J. Lang (argued), all of State Appellate Defender's Office, of Springfield, for appellant.

Matthew Fitton, State's Attorney, of Paxton (Patrick Delfino, Robert J. Biderman, and Luke McNeill (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Justices Appleton and Pope concurred in the judgment and opinion.

## OPINION

¶ 1      In June 2011, the State charged defendant, Ronald H. Kirkland, by information with two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2010)) against his two stepdaughters, S.C. and B.C., both of whom were under the age of 17. The case proceeded to jury trial in January 2012. Following deliberations, the jury returned guilty verdict forms for both victims. The guilty verdict as to S.C. contained no errors. The guilty verdict form with regard to B.C., however, stated the offense as "criminal sexual abuse," without the word "aggravated" preceding it. The parties did not bring the error to the trial court's attention. The court entered judgment against defendant for both counts of aggravated criminal sexual abuse and sentenced defendant to five years in the Illinois Department of Corrections (DOC) on each count with the sentences to run concurrently. Additionally, the court ordered defendant to pay a $25 Crime Stoppers fee.

¶ 2      On appeal, defendant asserts (1) the jury wrongfully convicted him of the uncharged offense of criminal sexual abuse as to B.C., (2) if the verdict as to B.C. stands, defendant should be sentenced only for the offense of criminal sexual abuse, and (3) the trial court erred in imposing a Crime Stoppers fee. We affirm in part the trial court's judgment and remand with directions to vacate the Crime Stoppers fee.

¶ 3                    I. BACKGROUND

¶ 4      In June 2011, the State charged defendant by information with two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2010)) against his two stepdaughters, S.C. and B.C., both of whom were under the age of 17. The case proceeded to jury trial in January 2012.

¶ 5      At trial, both victims testified defendant, over the course of a year, would take them individually into his bedroom, shut the door, and have them remove their clothes. He would

then proceed to rub his hands over their nude bodies, including their breasts and vaginal areas. B.C. testified defendant typically rubbed her body with vitamin E oil to "prevent stretch marks." C.K., a friend of S.C., testified she observed defendant on several occasions enter his bedroom with B.C. and close the door. S.C. also confided in C.K. about defendant touching S.C. inappropriately. J.C., the teenage brother of S.C. and B.C., testified he observed defendant take S.C. and B.C. into the bedroom and lock the door. On one occasion, J.C. entered the bedroom to find defendant rubbing "something" on B.C.'s legs while she laid on the bed.

¶ 6        Sheree Foley, a caseworker from the Department of Children and Family Services (DCFS), testified defendant admitted rubbing the girls' backs and rubbing B.C.'s body with vitamin E oil to prevent stretch marks. Defendant also admitted rubbing oil on the sides of B.C.'s breasts to prevent stretch marks on her breasts. He denied, however, making contact of a sexual nature with their breasts or vaginal areas. According to Foley, defendant said he received no sexual gratification or arousal from touching the girls. Defendant did not testify.

¶ 7        Following the presentation of evidence, the jury received a copy of the jury instructions from the trial court. The instructions included the definition of and issues related to aggravated criminal sexual abuse against both B.C. and S.C. The jury also received four verdict forms; a not guilty form and guilty form of verdict for each victim. Initially, the State provided erroneous verdict forms that provided two forms of guilty for S.C. and two forms of not guilty for B.C. Those initial verdict forms also contained a second error the parties failed to bring to the trial court's attention–the verdict forms as to B.C. stated the offense as "criminal sexual abuse," not as "aggravated criminal sexual abuse." After the verdict forms were corrected to provide a "guilty" and "not guilty" verdict form as to both B.C. and S.C., those forms were sent back to the jury room. The "corrected" instructions, however, continued to name criminal sexual abuse as the offense pertaining to B.C. The record does not reveal which party made the corrections to the verdict forms or whether the parties had the opportunity to review the corrected verdict forms before the court delivered them to the jury.

¶ 8        Following deliberations, the jury signed the guilty verdict forms as to both S.C. and B.C. However, the verdict form as to B.C. read, "We, the jury, find the defendant *** [g]uilty of [c]riminal [s]exual [a]buse with regard to [B.C.]," rather than aggravated criminal sexual abuse, as charged in the information. Neither party brought the erroneous verdict to the court's attention.

¶ 9        In February 2012, defendant filed a posttrial motion challenging the sufficiency of the evidence, which the trial court denied. Defendant did not challenge the inaccurate verdict form in his posttrial motion. Following a March 2012 sentencing hearing, the court sentenced defendant to five years in DOC on each count of aggravated criminal sexual abuse, a Class 2 felony, with the sentences to run concurrently. The court also imposed a $25 Crime Stoppers fee. Later that month, defendant filed a motion to reconsider sentence, which the court denied. That motion did not challenge the verdict form as to B.C.

¶ 10        This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant asserts (1) the jury wrongfully convicted him of an uncharged offense of criminal sexual abuse as to B.C., (2) if the verdict as to B.C. stands, defendant should be sentenced only for the offense of criminal sexual abuse, and (3) the trial court erred in imposing a Crime Stoppers fee. We address these issues in turn.

¶ 13            A. Whether the Error on the Verdict Form Requires Reversal

¶ 14    We begin by noting defendant does not challenge his conviction with regard to S.C., so we affirm that conviction and will address defendant's conviction of aggravated criminal sexual abuse only as to B.C.

¶ 15                            1. *The Parties' Arguments*

¶ 16    Defendant argues the verdict form with respect to B.C. reflects the jury convicted him of the offense of criminal sexual abuse against B.C. which, defendant asserts, denied him due process because criminal sexual abuse (1) was an uncharged offense and (2) is not a lesser-included offense of aggravated criminal sexual abuse. The State contends the verdict form contained a scrivener's error and the jury intended to find defendant guilty of aggravated criminal sexual abuse as to B.C. In order to address defendant's argument that the jury found him guilty only of criminal sexual abuse, we must first examine whether the incorrect verdict form constituted error.

¶ 17                    2. *Whether Review of the Erroneous Jury Verdict*
                            *Form Has Been Forfeited*

¶ 18    Both parties assert the other party forfeited review of the error contained within the jury verdict form, as neither party raised the issue before the trial court. We note it was incumbent upon both parties to bring the error to the court's attention in order for the court to seek further emendations, *i.e.*, clarification, from the jury. See *People v. Crite*, 261 Ill. App. 3d 1041, 1047, 634 N.E.2d 487, 491 (1994). Instead, neither party objected to the incorrect verdict form at any time, clearly with the belief the jury returned guilty verdicts as to both charges of aggravated criminal sexual abuse, as demonstrated by further proceedings in which the State failed to file a motion to amend the verdict form and defendant failed to object to the court sentencing defendant on both counts of aggravated criminal sexual abuse.

¶ 19    Because it is defendant who challenges the verdict form for the first time on appeal, we conclude the burden of persuasion is on defendant to demonstrate the trial court committed plain error by entering judgment on the aggravated criminal sexual abuse charge as to B.C.; otherwise, the issue is forfeited. See Ill. S. Ct. R. 615(a); *People v. Piatkowski*, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 411 (2007). A defendant demonstrates plain error by showing a clear or obvious error occurred and (1) the error alone threatened to tip the scales of justice in a closely balanced case or (2) the error is so serious that it affected the fairness of the trial and integrity of the judicial process. *Piatkowski*, 225 Ill. 2d at 565, 870 N.E.2d at 410-11.

¶ 20    The State concedes the flawed verdict form constituted a clear or obvious error as it

named the incorrect charge for which the jury was to find defendant guilty. We accept the State's concession. Therefore, we turn to whether (1) the evidence in the case was so closely balanced that the error alone threatened to tip the scales of justice or (2) the error prejudiced defendant by affecting the fairness of the trial and the integrity of the judicial process.

¶ 21                                    a. Was the Evidence Closely Balanced?

¶ 22     Defendant argues this was a closely balanced case, as the evidence in this case relied largely on the credibility of witnesses, specifically, the testimony of defendant's teenage stepdaughters, who claimed defendant regularly rubbed oil or lotion on their bodies, including their breasts. This case does not rest on the stepdaughters' statements alone, but also on other witnesses' testimony that they observed the girls individually enter the bedroom with defendant, which corroborated the testimony of B.C. and S.C. Notably, the DCFS caseworker testified that defendant told her he had, indeed, rubbed oil or lotion on the girls underneath their clothing to help them relax. Moreover, he indicated that in an effort to help prevent B.C. from getting stretch marks, he rubbed lotion on the sides of her breasts and on her inner thigh area. He went on to state B.C. would not wear underwear when he rubbed the lotion on her inner thighs. During the trial defendant did not deny rubbing the girls' bodies with lotion or oil, he simply denied engaging in the conduct for the purpose of his own sexual gratification. The only disputed question for the jury to determine was whether it believed defendant engaged in the conduct for the purpose of his own sexual gratification. In light of the circumstances, we conclude the evidence was not closely balanced as defendant suggests, but rather heavily favored the State.

¶ 23                                    b. Did the Error Affect the Fundamental
                                              Fairness of Defendant's Trial?

¶ 24     The next issue we will address is whether the error in the verdict form prejudiced defendant by affecting the fairness of the trial or the integrity of the judicial process. "The test of the sufficiency of a verdict is whether the jury's intention can be ascertained with reasonable certainty from the language used." *People v. Mack*, 167 Ill. 2d 525, 537, 658 N.E.2d 437, 443 (1995). "[A]ll parts of the record will be searched and interpreted together in determining the meaning of a verdict." *Mack*, 167 Ill. 2d at 537, 658 N.E.2d at 443. However, "[p]roper jury instructions do not necessarily cure an improper verdict." *Mack*, 167 Ill. 2d at 536, 658 N.E.2d at 442 (citing *People v. Crite*, 261 Ill. App. 3d 1041, 634 N.E.2d 487 (1994)). In situations where the jury returns an unambiguous verdict, the trial court must not attempt to venture into the minds and deliberations of the jury to speculate about the jury's intentions. *Crite*, 261 Ill. App. 3d at 1046, 634 N.E.2d at 490.

¶ 25     In *Crite*, the appellate court held the trial court lacked the authority to amend the jury's verdict form where the verdict form incorrectly but unambiguously stated the jury found the defendant guilty of the uncharged offense of aggravated discharge of a firearm, a Class 1 felony, rather than the charged offense of aggravated battery with a firearm, a Class X felony. *Crite*, 261 Ill. App. 3d at 1046, 1049, 634 N.E.2d at 490, 492. The appellate court determined "once a verdict has been rendered, accepted by the court, and judgment entered thereon, and

the jury has separated, the court has lost control of the verdict." *Crite*, 261 Ill. App. 3d at 1047, 634 N.E.2d at 491. At that point, the trial court may only grant a mistrial, judgment notwithstanding the verdict, or a new trial. *Crite*, 261 Ill. App. 3d at 1047, 634 N.E.2d at 491. Though the State asserted the error in the verdict form constituted a typographical error, the appellate court rejected that argument, stating:

> "The distinction, here, between the aggravated discharge of a firearm and the aggravated battery with a firearm verdict forms resulted from more than an error in mechanics. The difference between the determinate sentence for a Class 1 felony and the determinate sentence for a Class X felony is significant and cannot be justified on the basis of a typographical error, as the State asserts here. Describing the distinction between the two offenses as a 'typographical error' deprecates the thought and deliberation by the legislature in making the distinction." *Crite*, 261 Ill. App. 3d at 1046, 634 N.E.2d at 490.

The admonition in *Crite* discouraging "speculative attempt[s] to reconstruct the jury's deliberations and divine its unexpressed conclusions" was cited with approval by the Illinois Supreme Court in *Mack*, 167 Ill. 2d at 536-37, 658 N.E.2d at 437.

¶ 26    Similarly in this case, the verdict form incorrectly but unambiguously stated the jury found defendant guilty of criminal sexual abuse, a Class 4 felony, rather than aggravated criminal sexual abuse, a Class 2 felony. However, in this case, no evidence suggests the jury had any offense to consider other than the aggravated criminal sexual abuse charge. In *Crite*, the instructions were mixed with references to both aggravated battery with a firearm and aggravated discharge of a firearm. *Crite*, 261 Ill. App. 3d at 1048, 634 N.E.2d at 491. Though *Mack* does point out that a flawed verdict form cannot always be cured by proper jury instructions, *Mack* also states the reviewing court should examine and interpret all parts of the record to determine the meaning of a verdict. *Mack*, 167 Ill. 2d at 536-37, 658 N.E.2d at 442-43.

¶ 27    The State argues the error on the verdict form as to B.C. constituted a harmless typographical error, a minor mistake not resulting from judicial reasoning or determination; thus defendant was not denied his right to a fair trial. See S*chaffner v. 514 West Grant Place Condominium Ass'n*, 324 Ill. App. 3d 1033, 1042, 756 N.E.2d 854, 862 (2001) (defining a scrivener's or clerical error as a mistake or inadvertence that does not result from judicial reasoning or determination). The State notes the trial contained no reference to the offense of criminal sexual abuse–not from testimony, opening or closing arguments, or in the law as presented in the jury instructions. Therefore, the State contends, the jury was not confused or misled but intended to find defendant guilty of aggravated criminal sexual abuse as to B.C. The State also cites case law from other states in support of its argument, but those cases are not necessary to our holding.

¶ 28    Our review of the record is consistent with the State's arguments. Because of the unique factual circumstances in this case, we are of the opinion that unlike the jury verdict form in *Crite*, the jury verdict form in this case contained a typographical error. In addition, unlike in *Crite*, the trial court in this case did not alter the jury's verdict. Without objection by any party, the court sentenced defendant on aggravated criminal sexual abuse as to B.C. The question thus becomes, how should the jury's verdict be interpreted? The potential for juror

confusion in *Crite* arose from the parties referring to the incorrect charge on multiple occasions. Moreover, in *Crite*, various jury instructions referred to both the correct and incorrect charge. Finally, in *Crite*, the difference in the verdict form submitted to the jury and the one the State intended to submit to the jury was significant. It is a strain to argue a verdict form that should have stated the offense of aggravated battery with a firearm ended up stating, as a result of a typographical error, aggravated discharge of a firearm.

¶ 29    The previously mentioned problems in *Crite* are not present in this case. Here, throughout the trial, the parties and the court always referred to the offense against B.C. as aggravated criminal sexual abuse. In this case there is no reference in the jury instructions to the offense of criminal sexual abuse, except for the single flawed verdict form. The evidence as to B.C. and S.C. was almost identical; in fact, the evidence as to aggravated criminal sexual abuse as to B.C. was perhaps even stronger due to corroborating witness testimony. When the trial court read the instructions to the jury, the verdict forms were not read to the jury due to a different error in the jury forms. It is clear the word "aggravated" was simply left off the verdict form as to B.C. The jury had no indication that criminal sexual abuse was a separate crime, nor that it was an available option for a verdict.

¶ 30    Therefore, after considering the record as a whole, with particular focus on the jury instructions and the conduct of the court and the parties throughout the trial, we conclude the jury clearly intended to convict defendant of aggravated criminal sexual abuse and, but for the typographical error, the jury would have returned a guilty verdict of aggravated criminal sexual abuse as to B.C. Thus, defendant cannot show he suffered prejudice due to the flawed verdict form and the conviction for aggravated criminal sexual abuse must stand. Because we have determined defendant's conviction for aggravated criminal sexual abuse stands, we need not address defendant's arguments that (1) criminal sexual abuse is not a lesser-included offense of aggravated criminal sexual abuse or (2) defendant is entitled to a new sentencing hearing for the offense of criminal sexual abuse.

¶ 31    Our holding in this case is not meant to downplay the critical importance of accurate jury instructions and verdict forms, as it was the factual uniqueness of this case which prompted this opinion. We caution attorneys and judges to carefully read through all presented instructions to ensure the instructions contain no mistakes, lest an avoidable error mars an otherwise fair trial, causing the additional emotional toll and expense of a new trial.

¶ 32                                 B. Crime Stoppers Fee

¶ 33    Finally, defendant argues the trial court erred in imposing a $25 Crime Stoppers fee, which the court imposed as part of defendant's sentence on both counts. The State concedes the issue, and we accept the State's concession. An anti-crime fee imposed pursuant to section 5-6-3 of the Unified Code of Corrections (730 ILCS 5/5-6-3 (West 2010)), such as the Crime Stoppers fee, should only be imposed when a defendant receives a community-based sentence. *People v. Beler*, 327 Ill. App. 3d 829, 837, 763 N.E.2d 925, 931 (2002). As defendant received a prison sentence in this case, the Crime Stoppers fee was void and must be vacated.

¶ 34                              III. CONCLUSION

¶ 35        For the foregoing reasons, we affirm the trial court's judgment as modified and remand with directions for the trial court to vacate the Crime Stoppers fee. As part of our judgment, because the State successfully defended a portion of this appeal, we award the State its $75 statutory assessment against defendant as costs of this appeal. See 55 ILCS 5/4-2002(a) (West 2012); *People v. Smith*, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985) (citing *People v. Nicholls*, 71 Ill. 2d 166, 178, 374 N.E.2d 194, 199 (1978)).

¶ 36        Affirmed as modified; cause remanded with directions.